### JOSEPH H. WEBB v. GEORGE W. COLE, JR.

Decided May 26, 1909.

**Estoppel—Disclaimer.**

Defendant, in an action for land involving the boundary between the survey under which he held and an adjoining one claimed by plaintiffs, disclaimed interest in the latter survey, but set out the field notes of the tract which he held and claimed to be embraced in the former survey, and asserted title by limitation and claimed valuable improvements on the land embraced in such bounds. On his disclaimer the suit as to him was dismissed. In a subsequent suit involving the same boundaries and parties in privity with that judgment, his former disclaimer did not estop him from claiming limitation and improvements as to the land embraced in the boundaries set up in his plea in that action; the court improperly treated the latter case as one involving only the question of the true boundaries of the original surveys, disregarding defendant's claim of limitation and valuable improvements as being concluded by his former disclaimer.

Appeal from the District Court of Bell County. Tried below before Hon. John M. Furman.

_A. J. Harris,_ for appellant.

_Saunders & Saunders_ and _A. M. Monteith,_ for appellee.

RICE, ASSOCIATE JUSTICE.—The record discloses that appellee was the owner of 150 acres of land out of the southwest corner of the Bland league, and that the appellant was the owner of 510 41-100 acres of land out of the northwest corner of the Ashworth league, which leagues were on the Leon River in Bell County and adjoin each other, the north line of the Ashworth and the south line of the Bland being coincident with each other.

On the 19th of August, 1905, the appellee herein brought this suit in trespass to try title against appellant, to recover 71 acres of land claimed to be a part of said 150 acres off of said Bland league. Appellant answered by pleas of not guilty, the three, five and ten years statutes of limitations, and also pleaded improvements in good faith.

Voluminous amendments to the pleadings were filed by each side, which we deem it unnecessary to consider further than to say that appellee, answering the pleas of limitation set up by appellant, insisted that he was estopped from asserting limitation against him herein, because he alleged that on the 19th of November, 1901, Julia A. Kepler and others filed a suit in the District Court of Bell County against J. H. Webb and W. B. Teague, for the recovery of the said 150-acre tract of land, which it is alleged embraced the 71 acres involved herein, in which suit the said Webb filed a disclaimer as to any land not on the Ashworth league, and was dismissed with his costs, and Teague not answering, judgment went by default against him; and thereupon judgment was rendered for plaintiffs therein against both Webb and Teague for the land described in their petition. It being subsequently alleged that there was a privity of estate between plaintiffs in said suit and appellee herein.

Replying to this, appellant pleaded, in effect, that while it was true he filed a disclaimer in said suit referred to, which stated that his land was on the Ashworth league, still, that he in said plea _disclaimed only as to such portion of the land claimed by the plaintiffs therein as was not included within the boundaries of his own land, which was described by metes and bounds,_ and that he did not intend thereby to abandon or to disclaim as to any part of the land sued for which was embraced within the metes and bounds of his own survey. That in addition thereto he filed pleas of not guilty and of the three, five and ten years statutes of limitations, and that the judgment in said suit was rendered in accordance with said pleading.

There was a jury trial and verdict and judgment for the plaintiff, from which this appeal is prosecuted.

On the trial of this case the original petition in said cause of Kepler v. Webb, together with appellant's answer therein and the decree thereon, were offered in evidence, from which it appears that Webb's answer was in accordance with his plea, and that he only disclaimed as to the land sued for by the plaintiffs therein which was not contained in the metes and bounds of his own survey which were accurately set out, and that the decree entered in said cause was in accordance there

with. *On the trial the court charged only on the issue of boundary, telling the jury that that was the sole question involved, thereby wholly ignoring appellant's defense of limitation.*

Appellant offered on the trial evidence going to sustain his pleas of limitation and improvements in good faith. He also asked a charge presenting these issues to the jury, which was refused by the court. It appears from his bill of exception that he could have proven that he bought his tract of land in 1857, that it was partly improved and in cultivation at the time, and that he has continuously occupied the same, in person and by tenants, since that time until the date of the trial; that a part of the improvements made by him on this tract, which were of considerable value, were located upon the strip of land in controversy, and that said improvements had been made thereon for more than ten years prior to the institution of this suit.

The ruling of the court in ignoring the issues of limitation and improvements in good faith must evidently have been based upon the theory that appellant was estopped from asserting said defenses by reason of his disclaimer in the suit of Kepler v. Webb, referred to. We do not agree with the construction given by the trial court to said pleading, because we think that, at most, it simply operated to disclaim as to any land sued for by plaintiffs therein which was not embraced within the boundaries of his own survey. And this is true, irrespective of whether a part thereof may be shown not to be on the Ashworth league.

So believing, we hold that the court erred, as urged by appellant in his several assignments, in excluding the evidence offered to establish his plea of limitation, and also erred in failing to give to the jury the special charges requested by appellant, presenting said issue.

For the errors pointed out, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*